UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDIA B. BARBER,
      Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of the Social Security Administration,
      Defendant.

Case No. C09-1033-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Claudia B. Barber seeks review of the denial of her application for disability insurance benefits by the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner concedes the case should be remanded. The only issue is whether the remand is for a determination of benefits, or for additional proceedings before the Administrative Law Judge (ALJ). For the following reasons, the Court recommends the Commissioner's decision be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is 59 years old, has a high school degree and has worked as a construction laborer and janitor. Tr. 49, 52, 79. On April 13, 2006, plaintiff protectively applied for disability benefits alleging disability beginning February 11, 2004. Tr. 108. The state agency found that plaintiff was disabled as of June 4, 2006, but determined that she was not disabled prior to that date. Plaintiff's request for reconsideration of the denial of her claim for the period before June 4, 2006

REPORT AND RECOMMENDATION – 1

1 was denied. Tr. 11. On November 20, 2007, the ALJ conducted a hearing and issued a decision
2 on March 3, 2008 finding plaintiff not disabled for the time period between February 11, 2004 and
3 June 3, 2006. Tr. 21. The Appeals Council denied review of the decision, making it the
4 Commissioner's final decision under 42 U.S.C. § 405(g). Tr. 4.

## II. THE ALJ'S DECISION

Applying the five-step sequential evaluation process[1] for determining whether a claimant is disabled, the ALJ at step one found plaintiff has not engaged in substantial gainful activity since her alleged disability onset date of February 11, 2004. Tr. 13.

At step two, the ALJ found plaintiff has the following severe impairments: history of radius and ulna fractures, history of right rotator cuff tear and surgery, thoracic spine degenerative disc disease, and borderline intellectual functioning. Tr. 14.

At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.[2] Tr. 15.

Before proceeding to step four, the ALJ found plaintiff had the residual functional capacity (RFC) to perform light work which is simple and repetitive in nature and does not involve working overhead with her right dominant hand. Tr. 16.

At step four, the ALJ found plaintiff could not perform her past relevant work as a construction laborer, janitor, or janitorial supervisor. Accordingly, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 20.

And at step five, the ALJ found plaintiff could work as a "night cleaner," "assembler," "courier," and "photo copy machine operator," and that plaintiff is therefore not disabled. Tr. 20-21.

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920.
[2] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION – 2

## III. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are legally erroneous or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the Court must uphold. *Id.*

## IV. DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to include in the record the independent medical examination (IME) of Dr. J. Green, M.D., and the physical capacity report of Dr. Thomas Castle, Jr. M.D.; (2) crediting the opinion of Dr. Castle over the opinion of Dr. Dan Welch; (3) finding plaintiff's testimony not credible; and (4) failing to include all of plaintiff's restrictions in her residual functional capacity. Dkt. 9 at 6. Plaintiff argues the Court should remand the case for an award of benefits because the ALJ failed to give sufficient reasons to reject Dr. Welch's opinion and plaintiff's "pain testimony." *Id.* at 15.

The Commissioner concedes "the ALJ erred in his evaluation of the record" and that the ALJ's errors compel reversal and remand. Dkt. 13 at 5. Specifically, the Commissioner concedes

REPORT AND RECOMMENDATION – 3

the ALJ failed to include in the record Dr. Green's IME and Dr. Castle's physical capacity report, and failed to mention or include in his RFC determination Dr. Theodore J. Becker's February 2005 opinion that plaintiff had limited grasping and lifting abilities. *Id.* at 7.

The Commissioner contends the Court should remand the case for further proceedings because "there are unresolved issues, and the record does not require a finding of disability." *Id*. at 6. The Commissioner requests the Court order a new hearing and to instruct the ALJ to "(1) update the record by obtaining the April 3, 2006, independent medical examination (IME) report from Dr. Green and the physical capacity evaluation prepared by Dr. Castle on December 7, 2004; (2) reevaluate and further develop the medical evidence in the record; (3) reevaluate steps two and three of the sequential evaluation process; (4) reevaluate Plaintiff's credibility; (5) reevaluate Plaintiff's RFC; and (6) reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert as necessary." *Id*. at 5.

The appropriate judicial response in a case where the ALJ improperly rejects evidence was first discussed in *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1398-99 (9th Cir. 1988). In *Varney,* the Court adopted a "credit-as-true" rule holding the Commissioner must accept, as a matter of law, a claimant's subjective pain testimony if the ALJ fails to articulate sufficient reasons for refusing to credit it. *Id.* However, the holding in *Varney* is limited to cases "where there are no outstanding issues to resolve before a proper disability determination can be made, and where it is clear from the administrative record, that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited." *Id.* at 1401.

As the parties point out, it unclear whether the *Varney* rule is mandatory or discretionary. *Compare Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (holding improper rejection of claimant's testimony that he is disabled must be credited as a matter of law) *with Connett v.*

REPORT AND RECOMMENDATION – 4

*Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (Court has "some flexibility in applying the crediting as true theory.").

Here, the Court concludes the appropriate judicial response is to remand the case for further administrative proceedings. First, the errors to which the Commissioner admits – the ALJ's failure to include Dr. Green's IME and Dr. Castle's report and include in his RFC determination Dr. Becker's opinion that plaintiff had limited grasping and lifting ability – do not compel a finding of disability. At this point, it not known what opinions are contained in the missing reports or what impact Dr. Becker's opinions would have on plaintiff's RFC.

Second, even if the Court accepts plaintiff's contention that the ALJ erred in discounting her credibility, and credited plaintiff's "pain testimony" (Dkt. 9 at 11) as true, the Court cannot say the ALJ would be required to find her disabled. This is because it is unclear whether plaintiff's "pain" itself or in combination with other conditions renders plaintiff disabled. Dr. Welch, plaintiff's treating doctor, opined "[b]ut for the effects of the pre-existing cognitive condition, the claim related condition is not sufficient to permanently totally disable the worker from full time gainful employment . . . However, when the claim related condition is combined with the pre-existing condition, the worker is rendered totally disabled." Tr. 225. The Court will not jump to any conclusions about whether plaintiff's "pain" is part of her cognitive condition or what role "pain" plays in Dr. Welch's opinion where the doctor did not make that clear. Accordingly, the Court views this as an unresolved, or at least unclear, issue that should be resolved before a determination of disability can be made.

Third, plaintiff argues the ALJ erred in rejecting Dr. Welch's opinion that she is disabled. However, the ALJ's evaluation of Dr. Welch is not as open and shut as plaintiff claims. A treating physician's opinion is entitled to special weight. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir.

REPORT AND RECOMMENDATION – 5

1981). But, a treating physician's opinion is not necessarily "conclusive as to either a physical condition or the ultimate issue of disability," *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989), and may be rejected if contradicted by another doctor's opinion and the ALJ gives "specific and legitimate reasons" for doing so that "are supported by substantial evidence" in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Dr. Welch found plaintiff had physical limitations to her shoulder, right extremity and problems with her back and ankle. The ALJ's determination that these findings are not supported by objective findings is at odds with the undisputed fact that plaintiff fell 20 feet, shattered her right forearm and shoulder, required surgical repair (Tr. 14) and has significant disc herniation at T10-11 as shown through an MRI. Tr. 252. It is also contrary to the other medical evidence in the record which indicate that plaintiff's upper extremity conditions prevent her from performing any past relevant work and limit her RFC. This error, however, does not mandate an award of benefits because Dr. Welch opined that these conditions alone – the "claim related conditions" – do not render plaintiff totally disabled. Tr. 225.

Rather, Dr. Welch opined plaintiff's "cognitive condition" combined with her other conditions rendered her disabled. He did not, however, explain what these cognitive conditions were and why he thought they disabled plaintiff. An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here the ALJ acknowledged plaintiff had cognitive limitations, including borderline intelligence, concentration problems and pain (Tr. 19), but concluded that she still had the capacity to perform simple, repetitive tasks. This conclusion may change, of course, after the ALJ, on remand, reevaluates steps two through five, considers additional evidence and reevaluates the medical sources, plaintiff's RFC and plaintiff's credibility.

REPORT AND RECOMMENDATION – 6

Accordingly, the Court finds there are still outstanding issues as to Dr. Welch's opinion that must be resolved before a determination of disability can be made.[3]

In sum, the case should be remanded for further administrative proceedings. The Court recommends the ALJ be directed to reevaluate all of the medical evidence and plaintiff's credibility. The ALJ should (1) update the record by obtaining the April 3, 2006, independent medical examination (IME) report from Dr. Green and the physical capacity evaluation prepared by Dr. Castle on December 7, 2004; (2) reevaluate and further develop the medical evidence in the record; (3) reevaluate Dr. Welch's opinion; (4) reevaluate steps two and three of the sequential evaluation process; (5) reevaluate plaintiff's credibility; (5) reevaluate plaintiff's RFC; and (6) reevaluate steps four and five of the sequential evaluation process with the assistance of a vocational expert.

## V. CONCLUSION

For the foregoing reasons, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings consistent with this report and recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of February, 2010.

/s/

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[3] Because there are outstanding issues to resolve, and the case is being remanded for reevaluation of steps two through five, the Court declines to find, as the Commissioner urges, that the ALJ properly found plaintiff not credible and properly rejected Dr. Welch's opinion that plaintiff is disabled. *Id.* at 8, 12.